UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS FERREIRAS, : | |
|     Plaintiff : | |
| : | |
|     v. : | CIVIL NO. 4:CV-04-1799 |
| : | |
| : | (Judge McClure) |
| YORK COUNTY, PENNSYLVANIA, : | |
| ET AL., : | |
|     Defendants : | |

## MEMORANDUM AND ORDER

July 18, 2005

**Background**

This civil rights action was initiated by Luis Ferreiras regarding his prior detention by the Bureau of Immigration and Customs Enforcement (BICE) at the York County Prison, York, Pennsylvania. Plaintiff is represented by counsel.

As a result of a March 15, 2005 case management conference, the Plaintiff's motion for leave to file an amended complaint was granted and his proposed amended complaint (Record document no. 18) was accepted. In addition, a motion to dismiss (Record document no. 12) filed on behalf of Secretary Tom Ridge was deemed applicable to the amended complaint.

Named as Defendants in the amended complaint are York County; Commissioner James Donahue of the York County Prison Board of Inspectors;

and the following officials of the York County Prison: Warden Thomas Hogan, Deputy Warden Roger Thomas, and Complaint Supervisor Beata Erni. Ferreiras is also proceeding against former Secretary Tom Ridge of the Department of Homeland Security and Prison Health Services, a correctional healthcare services organization. All of the Defendants are named in their individual and official capacities.

Plaintiff is described as a BICE detainee who was confined in the York County Prison from "approximately October, 2002 to March, 2003." Record document no. 18, ¶ 11. Ferreiras acknowledges that he was released from BICE custody in July, 2004. While housed at the York County Prison, the Plaintiff sought treatment "for broken and decayed teeth that were causing him pain" and to have "a broken partial replaced." Id. at ¶ 14. His dental problems purportedly made it difficult to eat, a problem purportedly heightened by the fact that Ferreiras is HIV positive.

In early December, 2002, Plaintiff's request for dental treatment was denied. As a result, Ferreiras initiated an institutional grievance. On December 13, 2002, Complaint Supervisor Erni responded that because the Plaintiff was a federal detainee, he would have to wait one year before becoming eligible for dental services. Following an administrative appeal, Deputy Warden Thomas issued a

reply on December 20, 2002 which noted that Plaintiff had insisted on having his partial replaced and refused to have it repaired. Thomas' response also stated that a request for a denture filling had been sent to the BICE for approval. Furthermore, Thomas added that because Ferreiras' condition was not serious it did not require immediate attention and that he would have to be incarcerated for one (1) year before the BICE would consider approval of his request for dental work.

Plaintiff filed a further administrative appeal with the York County Commissioners. On January 15, 2003, the Assistant York County Solicitor partially granted this appeal by referring Ferreiras' request for dental treatment to the Complaint Review Board. However, before any action was taken, the Plaintiff was transferred to another correctional facility.

The amended complaint contends that the policy or practice of requiring the Plaintiff to wait one (1) year before being afforded dental treatment violates the Eighth Amendment. As relief, Ferreiras seeks compensatory and punitive damages as well as declaratory and injunctive relief.

Presently pending is Defendant's Ridge's motion to dismiss. The motion has been briefed and is ripe for consideration.

**<u>Discussion</u>**

A court, in rendering a decision on a motion to dismiss, must accept the veracity of the plaintiff's allegations. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). In Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996), the Court of Appeals for the Third Circuit added that when considering a motion to dismiss based on a failure to state a claim argument, a court should "not inquire whether the plaintiffs will ultimately prevail, only whether they are entitled to offer evidence to support their claims." "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

"The test in reviewing a motion to dismiss for failure to state a claim is whether, under any reasonable reading of the pleadings, plaintiff may be entitled to relief." Holder v. City of Allentown, 987 F.2d 188, 194 (3d Cir. 1993) (citation omitted). Additionally, a court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn from them." Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990); Independent Enters., Inc. v. Pittsburgh Water & Sewer Auth., 103 F.3d 1165, 1168 (3d Cir. 1997).

Defendant Ridge contends that he is entitled to an entry of dismissal on the grounds that: (1) the claims against him in his official capacity are barred by the

doctrine of sovereign immunity; (2) the United States was not properly served; and (3) Plaintiff has failed to allege any personal involvement by secretary Ridge in the purported constitutional violations.

**Mootness**

Defendant Ridge's brief in support of his motion to dismiss asserts that Plaintiff's claim for injunctive relief is improper because there is not an actual case or controversy.  See Record document no. 13, p. 5, n. 2.  In his opposing brief, Ferreiras concedes that "due to his release, the claim for injunctive relief is moot; he therefore withdraws that claim."  Record document no. 14, p. 2.

The adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy."  Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy regarding injunctive relief if unaccompanied by continuing, present adverse effects."  Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)).

Furthermore, "[a]bsent class certification, an inmate's claim for injunctive

and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992). Plaintiff has been released from BICE custody and there is no reasonable probability that he will be returned to either the York County Prison or BICE custody in the foreseeable future. Consequently, since Ferreiras is not suffering any apparent continuing adverse effects as a result of his prior confinement at the York County, his requests for injunctive and declaratory relief are moot under the standards set forth in Rosenberg and Wahl.

**Sovereign Immunity**

In Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), it was established that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

However, absent a waiver, the doctrine of sovereign immunity bars all suits for damages against the United States. See Jaffe v. United States, 592 F.2d 712, 717-18 (3d Cir.) cert. denied, 441 U.S. 961 (1979). The United States may not be sued without its consent and the presence of that consent is a prerequisite for

jurisdiction.  FDIC v. Meyer,114 S. Ct. 996, 1000 (1994).   This immunity is jurisdictional in nature and extends to government agencies and employees such as former Secretary Ridge.  See  Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

"Congress has not waived sovereign immunity for damages claims for constitutional violations."  Germosen v. Reno, Civil No. 99-1268, slip op. at 13 (M.D. Pa. Sept. 20, 2000)(Vanaskie, C.J.);Forbes v. Reno, 893 F. Supp. 476, 481 (W.D. Pa. 1995)  aff'd, 91 F.3d 268, 277 (3d Cir. 1996) (a constitutional claim against the United States does not operate in and of itself as a waiver of sovereign immunity).  Consequently, since the United States has not waived its sovereign immunity with respect to Bivens-type civil rights claims, Defendant Ridge is entitled to an entry of dismissal with respect to any Bivens claims against him in his official capacity.

**Personal Involvement**

Defendant Ridge's motion to dismiss next asserts that the original complaint contains no allegation that he was personally involved in any unconstitutional action.  Plaintiff's opposing brief counters that Secretary Ridge had personal involvement because he "promulgated a Department of Homeland Security policy that required that immigration detainees wait one year before receiving dental treatment."  Record document no. 14, p. 9.

In a reply brief, Secretary Ridge reasserts his prior argument and adds that Ferreriras' request for dental care occurred in December, 2002 and the Department of Homeland Security was not created until January, 2003. Consequently, since the federal policy at issue predates his tenure as Secretary of the Department of Homeland Security, he cannot be held liable for the creation of said policy.

Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.

Rode, 845 F.2d at 1207.

Recently, in Chimenti v. Kimber, 2005 WL 1349853 (3d Cir. June 8, 2005), the Court of Appeals for the Third Circuit held that a claim that the former Secretary of the Pennsylvania Department of Corrections was aware of a Hepatitis C problem in the state prison system yet timely failed to issue a protocol regarding the treatment of said problem was "not so improbable or conclusory as to fail to state a claim." Id. at * 2.

8

In the present case, Defendant Ridge admits that he assumed the position of Secretary of the Department of Homeland Security in January, 2003. He adds that the functions of the former Immigration and Naturalization Service (INS) were transferred to his control on March 1, 2003. According to the dates set forth in the amended complaint, the challenged BICE policy was enforced against the Plaintiff on December 13, 2002, clearly before Secretary Ridge assumed his duties. Furthermore, Plaintiff alleges that he remained at the York County Prison until March, 2003. See Record document no. 18, ¶ 11.

More importantly, there is no claim in the amended complaint that the purported BICE policy was still in existence or enforced against the Plaintiff after March 1, 2003, the date when the functions of the former INS were placed under the authority of Secretary Ridge. There are no allegations that the challenged BICE policy remained in place after Secretary Ridge assumed responsibility as a policymaker for the BICE. Under the standards developed in Rode and Chimenti, the amended complaint has failed to adequately allege personal involvement by Defendant Ridge in any unconstitutional conduct (i.e, there is no assertion that the policy was implemented against the Plaintiff after Ridge assumed supervision of the former INS and while Ferreiras was still housed at the York County Prison). In conclusion, the claims for monetary damages against Secretary Ridge in his

9

individual capacity are likewise subject to dismissal.  Consequently,

**IT IS HEREBY ORDERED THAT:**

    1.    Defendant Ridge's motion to dismiss (Record document no. 12) is granted.

    2.    Plaintiff's claims for injunctive and declaratory relief are denied as moot.

    3.    The Plaintiff's claims for monetary relief against Defendant Ridge in his official and individual capacities are dismissed.

       s/ James F. McClure, Jr.  
    JAMES F. McCLURE, JR.  
    United States District Judge