UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS FERREIRAS, : | |
|     Plaintiff : | |
| : | |
|     v. : | CIVIL NO. 4:CV-04-1799 |
| : | |
| : | (Judge McClure) |
| YORK COUNTY, PENNSYLVANIA, : | |
| ET AL., : | |
|     Defendants : | |

## **MEMORANDUM AND ORDER**

July 12, 2006

### **Background**

This civil rights action was filed on behalf of Luis Ferreiras ("Plaintiff") regarding his prior detention by the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania. Plaintiff's amended complaint (Record document no. 18) was previously accepted.

Named as Defendants in the amended complaint are ex-secretary Tom Ridge of the Department of Homeland Security; York County; Commissioner James Donahue of the York County Prison Board of Inspectors; and the following officials of the York County Prison: Warden Thomas Hogan, Deputy Warden Roger Thomas, and Complaint Supervisor Beata Erni and Prison Health Services ("PHS"), a correctional healthcare services organization.

By Memorandum and Order dated July 18, 2005, Secretary Tom Ridge's motion to dismiss was granted.  On March 1, 2006, Plaintiff's request to voluntarily dismiss his claims against defendants Donahue, Hogan, and Erni was granted.  In addition, Deputy Warden Thomas's request for summary judgment was denied.

Ferreiras, a former ICE detainee, was confined in the York County Prison from "approximately October, 2002 to March, 2003."  Record document no. 18, ¶ 11.  During July, 2004, the Plaintiff was released from ICE custody. While detained at the York County Prison, Ferreiras requested treatment "for broken and decayed teeth that were causing him pain" and to have "a broken partial replaced."  Id. at ¶ 14.  Those dental problems purportedly caused Plaintiff to have difficulty eating, a problem magnified  by the fact that he is HIV positive.

In December, 2002, Ferreiras' request for dental treatment was denied. Plaintiff responded by filing an institutional grievance.  A December 13, 2002 grievance response by Complaint Supervisor Erni advised Ferreiras that because he was a federal detainee, he would have to wait one year before becoming eligible for dental services.  Following an administrative appeal, Deputy Warden Thomas issued a reply on December 20, 2002 which noted that Plaintiff had insisted on having his partial replaced and refused to have it repaired.  Thomas' response

added that a request for a denture filling had been sent to the ICE for approval. Thomas also indicated that because Ferreiras' condition was not serious he did not require immediate dental treatment and would have to be incarcerated for one (1) year before the ICE would consider his request.

Plaintiff filed a further administrative appeal with the York County Commissioners. On January 15, 2003, the Assistant York County Solicitor partially granted this appeal by referring Ferreiras' request for dental treatment to the Complaint Review Board. However, Plaintiff was transferred to a different correctional facility before any action could be taken. The amended complaint contends that the policy or practice of requiring the Plaintiff to wait one (1) year before being afforded dental treatment violates the Eighth Amendment. Ferreiras seeks compensatory and punitive damages as well as declaratory and injunctive relief.[1]

Presently pending is a motion to dismiss and/or for summary judgment motion filed by PHS. See Record document no. 54. Plaintiff responded by filing a response to the arguments for dismissal and requesting additional time in which to respond to the motion for summary judgment. See Record document no. 57.

---

[1] Due to Plaintiff's release from confinement, his requests for injunctive and declaratory relief were previously deemed moot. Consequently, in light of this Court's prior determination it is not necessary to address PHS's present, similar mootness argument.

**Discussion**

PHS's pending dispositive motion asserts in part that the amended complaint fails to set forth an actionable Eighth Amendment claim. The moving Defendant argues that it was not deliberately indifferent to Plaintiff's dental condition because there was a timely response to the prisoner's dental needs and he was offered appropriate treatment.[2] PHS adds that the Plaintiff has failed to identify any policy or custom of PHS which constituted deliberate indifference. On the contrary, the only policy challenged by the amended complaint is an INS policy. Finally, in its supporting brief, PHS requests that attached affidavits be taken into consideration and that this Court should 'convert the within Motion to Dismiss to a Motion for Summary Judgment." Record document no. 55, p. 5.

This Court will grant the Defendant's request and will construe PHS' dispositive motion as solely seeking summary judgment. Ferreiras concedes that "[i]n order for PHS to be liable, Plaintiff must prove that PHS had a policy or custom that caused the constitutional violation that forms the basis of this action." Record document 56, p. 9. Plaintiff adds that the mere fact that INS would not

---

[2] **A** constitutional violation does not arise unless there is "deliberate indifference to serious medical needs of prisoners" which constitutes "unnecessary and wanton infliction of pain." <u>Estelle v. Gamble</u>, 429 U.S. 97, 104(1976). This Court's March 1, 2006 Memorandum and Order has already concluded that "Plaintiff has sufficiently established that he was suffering from a serious medical need." Record document no. 59, p. 11.

authorize dental treatment did not mean that PHS did not have to treat Plaintiff's serious medical need. See id. at p. 10.

With respect to the Plaintiff's motion for an extension of time pursuant to Federal Rule of Civil Procedure 56(f), the Supreme Court has recognized that premature motions for summary judgment should be dealt with pursuant to Federal Rule of Civil Procedure Rule 56(f) if the opposing party has not made full discovery. Celotex v. Catrett, 477 U.S. 317, 326 (1986). Rule 56(f) provides that:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Thus, the district court is empowered with discretion to decide whether the movant's motion is ripe. Sames v. Gable, 732 F.2d 49, 51 (3d Cir. 1984). [3]

In order to preserve the issue for appeal, Rule 56(f) requires the opposing

---

[3] In Sames, the district court granted summary judgment to the Defendants although the Plaintiffs had stated in their opposing brief that they still were engaging in discovery, the United States Court of Appeals for the Third Circuit held "that it was error for the district court to grant Defendants' motion for summary judgment while pertinent discovery requests were outstanding." Id. at 52. See Killian v. McCulloch, 850 F. Supp. 1239, 1256 (E.D.Pa. 1994) (denying Defendants' motion for summary judgment because Plaintiffs did not have adequate time for discovery).

5

party to a motion for summary judgment to file an affidavit outlining the reasons for the party's opposition.  See Galgay v. Gil-Pre Corp., 864 F.2d 1018, 1020 n.3 (3d Cir. 1988); Dowling v. City of Philadelphia, 855 F.2d 136, 139-40 (3d Cir. 1988).  The Court of Appeals for the Third Circuit has consistently demanded technical compliance with Rule 56(f)'s affidavit requirement.  See Radich v. Goode, 886 F.2d 1391, 1393-95 (3d Cir. 1989); Lunderstadt v. Colafella, 885 F.2d 66, 70 (3d Cir. 1989); Dowling, 855 F.2d at 139-40; But see Sames, 732 F.2d at 52 n.3 (finding opposing party's failure to strictly comply with Rule 56(f) not "sufficiently egregious" to warrant granting summary judgment).

If an opposing party makes a Rule 56(f) motion without an affidavit, the Third Circuit has stated that the opposing party "must still `identify with specificity what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'"  Surin v. Virgin Islands Daily News, Inc., 21 F.3d 1309, 1314 (3d Cir. 1994) (quoting Lunderstadt, 855 F.2d at 71).  The opposing party, however, must be specific and provide all three types of information required.  See e.g., Radich, 886 F.2d at 1394-95 (affirming district court's grant of summary judgment when the opposing party only identified several unanswered interrogatories and failed to file an affidavit, identify how the unanswered interrogatories would preclude summary judgment, or

6

identify the information sought).

Counsel for the Plaintiff has filed an affidavit in support of the Rule 56(f) motion. However, the affidavit does not identify with specificity the information to be discovered, how the information will preclude summary judgment, and why the discovery has not previously been obtained. See Surin, 21 F.3d at 1314 (quoting Lunderstadt, 855 F.2d at 71).

Nevertheless, this Court is required to give a party opposing a motion for summary judgment adequate time for discovery. Dowling, 855 F.2d at 139 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1985)). As noted earlier, Plaintiff's opposing brief to the summary judgment motion has conceded that in order to set forth a viable claim against PHS, he must establish that PHS had a policy or custom which resulted in the alleged constitutional violation. See Record document no. 56, pp. 9-10. Thus, Plaintiff has identified information that has yet to be discovered, shown that this information will affect summary judgment, and he has indicated why the discovery has not previously been obtained. See Surin, 21 F.3d at 1314.

Whereas, Rule 56(f) grants the district court discretion to "order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just," Fed.R.Civ.P. 56(f),

the Plaintiff's motion for a Rule 56(f) extension will be granted. Ferreiras is granted sixty (60) days from the date of this Order in which to undertake discovery regarding the issue of whether PHS had a policy or custom which caused the alleged violation of Plaintiff's constitutional rights. Finally, Defendant PHS' motion for summary judgment is hereby denied with leave to renew following the close of discovery. Consequently,

**IT IS HEREBY ORDERED THAT:**

1. Defendant PHS' dispositive motion is construed as solely seeking summary judgment.

2. Plaintiff's motion (Record document no. 57) for an extension of time pursuant to Rule 56(f) is granted.

3. The Plaintiff is granted sixty (60) days from the date of this Order in which to undertake discovery regarding the issue of whether PHS had a custom or policy which caused the alleged violation of Ferreiras' constitutional rights.

4. Defendant PHS' motion for summary judgment (Record document no. 54) is denied with leave to renew upon the close of discovery.

        <u>s/ James F. McClure, Jr.</u>
        JAMES F. McCLURE, JR.
        United States District Judge